UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ELAINE BENJAMIN,

               Plaintiff,

v.

THE FOSDICK MACHINE TOOL COMPANY,
THE FOSDICK MACHINE TOOL COMPANY
n/k/a MAKINO, INC. formerly known as
LEBLOND INCORPORATED, and
TUTHILL CORPORATION, doing business
under the name of TUTHILL ENERGY SYSTEMS,

               Defendants.

_____

**REPORT AND RECOMMENDATION**

11-CV-00571(A)(M)

       This case has been referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings [9].[1] Before me is the motion of defendant Tuthill Corporation ("Tuthill") for summary judgment [20]. Oral argument was held on June 29, 2012 [50], after which I permitted plaintiff to submit supplemental briefing [51]. For the following reasons, I recommend that the motion be denied as premature.

**BACKGROUND**

       Plaintiff Elaine Benjamin seeks to recover damages for personal injuries allegedly sustained while she was operating a radial drill press manufactured by defendant Fosdick Machine Tool Company ("Fosdick") on April 11, 2008. Amended Complaint [1-1], ¶9. At the time of the accident, she was employed as a machinist with Dresser-Rand Co (id.). Dresser-Rand acquired the drill press on September 9, 2005, when it purchased certain of Tuthill's assets.

---

       [1]      Bracketed references are to CM-ECF docket entries.

Pruitte Affidavit [22], ¶4. It is alleged that Fosdick merged with defendant Makino, Inc. and assumed all of Fosdick's liabilities. Amended Complaint [1-1], ¶5.

Plaintiff's Amended Complaint [1-1] alleges causes of action for negligence (Fifth Cause of Action) and strict products liability (Sixth Cause of Action) against Tuthill. Following a preliminary pretrial conference with the parties, I entered a Case Management Order [16] on September 19, 2011, which set May 1, 2012 as the deadline for completion of fact discovery (id., ¶7). On November 28, 2011, Tuthill moved for summary judgment [20].

While the only discovery conducted prior to Tuthill's motion for summary judgment was the exchange of mandatory Fed. R. Civ. P. ("Rule") 26 disclosures (Braun Affirmation [31], ¶8), plaintiff did engage in pre-suit discovery with Dresser-Rand (id., ¶9), including a deposition of Michael Dunaway, Dresser-Rand's Health, Safety, and Environmental Manager [21-2], which Tuthill relies upon in support of its motion. According to Mr. Dunaway, plaintiff's injury occurred when she became distracted and "[i]nstead of grabbing what she thought was the guide, grabbed the reamer bit" (id., p. 56).

In addition to Mr. Dunaway's deposition, Tuthill relies on the Affidavit of Jack Pruitte [22], a Tuthill employee from 1985 through 2006 (id., ¶1). According to Mr. Pruitte, the drill was on Tuthill's manufacturing floor when he began his employment and remained in operation until it was transferred to Dresser-Rand (id., ¶5). During this time, "Tuthill made no alterations to the function of the Fosdick radial drill and did not add or remove safety guards or emergency shut-off buttons" (id., ¶10). To his knowledge "there were no accidents or injuries involving the use of the Fosdick radial drill at Tuthill" (id., ¶6) and "there were no defects or

hidden dangers associated with the operation of that radial drill when it was transferred to Dresser-Rand" (id.). Mr. Pruitte also states that Tuthill, a turbine manufacturer, "was not in the business of selling Fosdick radial drills" (id., ¶11) and that to his knowledge, "the 2005 sale of the Fosdick radial drill to Dresser-Rand was the only time that Tuthill sold a Fosdick radial drill" (id., ¶12).

In support of its motion for summary judgment, Tuthill argues that as a "casual seller" of the drill, it cannot be held liable in strict liability or in negligence for anything less than its failure to warn of known latent defects. Tuthill's Memorandum of Law [23], pp. 3-6. Plaintiff opposes the motion under Rule 56(d) (formerly Rule 56(f)) as premature, arguing that "[i]nformation concerning the history of the subject Fosdick drill press . . . and other pertinent information are facts exclusively within defendant's knowledge". Braun Affirmation [31], ¶10.

Defendant Makino has asserted a cross-claim against Tuthill. Makino's Answer [13], pp. 4-5. While Tuthill has not moved against this cross-claim, Makino also opposes the motion as being premature. Ollinick Declaration [40], ¶¶15-22.

## ANALYSIS

Summary judgment may be granted "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure

of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

If the party opposing summary judgment "shows by affidavit . . . that, for specific reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order". Rule 56(d). To obtain this relief, the party opposing summary judgment must establish: "'(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" Miller v. Wolpoff & Abramson, LLP., 321 F.3d 292, 303 (2d Cir.), cert. denied, 540 U.S. 823 (2003).

"While an affiant must show that the material sought is germane to the defense, 'Rule 56(f) is a safeguard against premature grants of summary judgment and should be applied with a spirit of liberality.'" Holmes v. Lorch, 329 F.Supp.2d 516, 529 (S.D.N.Y. 2004); Delphi-Delco Electronics Systems v. M/V NEDLLOYD EUROPA, 324 F.Supp.2d 403, 417-418 (S.D.N.Y. 2004) (Rule 56(d) "is an important safeguard against improvident or premature motions for summary judgment, courts generally avoid overly technical rulings under this subdivision and apply it with a spirit of liberality"). This is especially true where a party has not had an opportunity to conduct full discovery. "The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment . . . . The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary

judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 2511 n. 5, 91 L.Ed.2d 202 (1986).

A.     **Strict Products Liability**

The policy arguments in favor of imposing strict liability under New York law upon regular sellers of goods "are inapplicable to the occasional seller because as a practical matter, the occasional seller has neither the opportunity, nor the incentive, nor the protection of the manufacturer or seller who puts that product into the stream of commerce as a normal part of its business, and the public consumer does not have the same expectation when it buys from such a seller." Jaramillo v. Weyerhaeuser Co., 570 F.3d 487, 489 (2d. Cir. 2009). Therefore, "casual or occasional sellers are not subject to claims of strict liability". Id.

In support of its claim that it is merely a casual seller, Tuthill relies on Pruitte's Affidavit [22], which states that "[t]o my knowledge, the 2005 sale of the Fosdick radial drill to Dresser-Rand was the only time that Tuthill sold a Fosdick radial drill" (id., ¶12). Plaintiff argues that even if Tuthill "had not sold Fosdick radial drills prior to this, it may have been involved in selling 'used equipment' previously", thereby having a heightened duty over a casual seller. Plaintiff's Memorandum of Law [36], p. 5. In support of this argument, plaintiff cites Galindo v. Precision American Corp., 754 F.2d 1212, 1219 (5th Cir. 1985), rehearing denied, 762 F.2d 1004, in which the court suggested that strict liability may be imposed under certain circumstances upon entities that regularly sell their used or surplus equipment. Whereas plaintiff argues that these factors are also "used by the New York Court of Appeals (plaintiff's Memorandum of Law [36],

p. 5), the New York State Court of Appeals has "explicitly declined to recognize [Galindo's] reasoning". Jaramillo v. Weyerhaeuser Co., 12 N.Y.3d 181, 191 (2009). Therefore, even if Tuthill was involved in regularly selling used equipment, it would remain a casual seller under New York law.

Alternatively, plaintiff argues that some of the information provided in Mr. Pruitte's Affidavit [22] is expressly limited with the statement "[t]o my knowledge", which suggests "that there may be information that exists outside of Mr. Pruitte's knowledge" and raises the question of "what investigation, if any, Mr. Pruitte conducted to determine the information contained within his Affidavit". Plaintiff's Memorandum of Law [36], p. 8.[2] While Tuthill argues that "neither Benjamin's nor Makino/Fosdick's affidavits explain what information they expect to discover or how that information could create an issue of fact" (Tuthill's Reply Memorandum of Law [41], p. 3), "plaintiff cannot be faulted for failing to advise the district court precisely what information he might learn during discovery given that the facts sought were

---

[2] While these arguments are raised in plaintiff's Memorandum of Law, rather than in counsel's affirmation, I do not find this omission to be fatal to plaintiff's Rule 56(d) application. See Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 245 (4th Cir. 2002) ("if the nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit,' . . . , and if the nonmoving party was not lax in pursuing discovery, then we may consider whether the district court granted summary judgment prematurely, even though the nonmovant did not record its concerns in the form of a Rule 56(f) affidavit"); 10B Wright, Miller, Kane, Federal Practice & Procedure (Civil) §2740 (3d ed.) ("in certain circumstances courts have indicated that continuances would be proper even though Rule 56(f) had not been formally complied with when the court concluded that the party opposing summary judgment had been diligent and had acted in good faith").

exclusively within defendants' possession and that he had no previous opportunity to develop the record through discovery." Miller, 321 F.3d at 303.

"[A] party against which summary judgment is sought must be afforded 'a reasonable opportunity to elicit information within the control of his adversaries'". In re Dana Corp., 574 F.3d 129, 149 (2d Cir. 2009). See Miller, 321 F.3d at 303-304 ("'Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery'"). Information concerning whether Tuthill can be considered a casual seller is most likely within its exclusive possession, and plaintiff should have an opportunity to conduct discovery to test the statements made in Mr. Pruitte's Affidavit, including those indicating that Tuthill was a casual seller. See Hayes v. County of Ramsey, 2012 WL 1657406, *2 (D.Minn. 2012) ("Because no discovery has yet taken place in this case, Hayes has had no opportunity to test the validity of [defendant's] assertion. For these reasons, the Court concludes that dismissal would be premature and Defendants' Motion must be denied at this time").

Therefore, I recommend that Tuthill's motion to dismiss plaintiff's strict products liability claim be denied as premature.

**B.    Negligence**

"An occasional seller, unlike a manufacturer or distributor, is not in a position to insure the safe design or manufacture of a product or to create the economic pressure necessary to insure product safety." Copp v. Corning Glass Works, 114 A.D.2d 144, 146 (4th Dept. 1986).

Thus, "[a]t most, the duty of a casual or occasional seller would be to warn the person to whom the product is supplied of known defects that are not obvious or readily discernible". Sukljian, 69 N.Y.2d at 97.

Relying on its status as a casual seller, Tuthill argues that any defects that led to plaintiff's injury were obvious and readily discernible (Tuthill's Memorandum of Law [23], pp. 3-5), and that in any event its duty to warn only extended to Dresser-Rand, not to plaintiff. Tuthill's Reply Memorandum of Law [41], pp. 8-9 (*citing* Hernandez v. Biro Manufacturing Co., 251 A.D.2d 375, 377 (2d Dept. 1998), lv. denied, 92 N.Y.2d 819 (1999) ("Since Pork King [a casual seller] did not sell the meat grinder to the plaintiff, it owed no duty to the plaintiff").[3]

I need not address at this time whether the alleged defects in the drill were obvious and readily discernible, or whether Tuthill owed a duty to plaintiff, since these arguments depend upon whether Tuthill is a casual seller. Therefore, for the reasons discussed above, Tuthill's motion seeking dismissal of plaintiff's negligence claim is premature.

It appears that narrowly focused discovery will suffice for determining whether plaintiff's claim against Tuthill can survive summary judgment. Therefore, if my recommendation

---

[3] Since Tuthill raised this argument for the first time in its reply ([41], pp. 8-9), I permitted plaintiff to file a supplemental brief "addressing Tuthill['s] . . . privity argument". July 2, 2012 Text Order [51]. Notwithstanding the limited scope for which I granted plaintiff leave to supplement, plaintiff's "Sur-Reply Memorandum of Law" [52] addresses other aspects of Tuthill's motion, which prompted a letter response from Tuthill objecting to plaintiff's submission and responding to the points it raised [54]. While I agree that plaintiff's sur-reply [52] exceeded the scope of what I permitted her to brief, since Tuthill has responded to it [54], I will consider both submissions.

is adopted, I will establish parameters for such discovery and Tuthill may renew its motion at the conclusion of this limited discovery.

**CONCLUSION**

For these reasons, I recommend that Tuthill's motion for summary judgment [20] be denied, without prejudice to renewal following further discovery. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by October 15, 2012 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and

explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: September 27, 2012

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge