UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELAINE BENJAMIN,                              **REPORT AND**
                                              **RECOMMENDATION**
                Plaintiff,
                                              11-CV-00571(A)(M)
v.

THE FOSDICK MACHINE TOOL COMPANY,
THE FOSDICK MACHINE TOOL COMPANY
n/k/a MAKINO, INC. formerly known as
LEBLOND INCORPORATED, and
TUTHILL CORPORATION, doing business
under the name of TUTHILL ENERGY SYSTEMS,

                Defendants.
_____

       Before me is the motion of defendant Tuthill Corporation ("Tuthill") for summary judgment [64].[1] Oral argument was held on May 1, 2013 [78]. For the following reasons, I recommend that the motion be granted.

## BACKGROUND

       The facts of this case are fully set forth in my September 27, 2012 Report and Recommendation, which denied Tuthill's initial motion for summary judgment [20], without prejudice to renewal following further discovery [55]. After that Report and Recommendation was adopted by Judge Arcara [56], I conducted a conference at which I set a deadline for completion of discovery concerning Tuthill's casual seller defense, and stayed all other discovery

---

[1]     Bracketed references are to CM-ECF docket entries.

deadlines in the case pending resolution of any dispositive motion on this issue. Amended Case Management Order [59], ¶1.

Upon completion of that discovery, Tuthill renewed its motion for summary judgment against plaintiff, arguing that as a casual seller of the Fosdick drill, it cannot be held strictly liable for any defects in the drill, that it owed no duty to plaintiff, and that even if it owed a duty to plaintiff, it did not breach its duty to warn of known latent defects. Tuthill's Memorandum of Law [65], pp. 4-9.[2] While plaintiff's counsel conceded at oral argument that Tuthill was a casual seller of the Fosdick drill, she argues that even as a casual seller, Tuthill owed a duty to foreseeable end users of the drill, and contends that it would be premature to grant Tuthill summary judgment since plaintiff has not had a full opportunity to conduct discovery on her negligence claim. Plaintiff's Memorandum of Law [73], pp. 6-13.[3]

---

[2] "A cross-claim, once properly made, does not cease to be proper because the defendant to whom they were addressed ceased to be a co-defendant." Shaps v. D.F.D.S., 1985 WL 269, *3 (S.D.N.Y. 1985), recon. granted on other grounds, 1986 WL 4074 (S.D.N.Y. 1986). Recognizing this, Tuthill also seeks in its Memorandum of Law to dismiss the cross-claims of its co-defendant, the Fosdick Machine Tool Company. Tuthill's Memorandum of Law [65], p. 1. However, since Tuthill's Notice of Motion [64] did not seek dismissal of Fosdick's cross-claims, it "does not get that relief". Berns v. EMI Music Publishing, Inc., 1999 WL 1029711, *10 (S.D.N.Y. 1999).

[3] In addition to it failure to warn theory of negligence, plaintiff argues that Tuthill "could be held liable under a negligence theory if, while it possessed the Fosdick drill, it removed the guard, brakes or emergency stop, or if it received notification from Fosdick warning of the need to incorporate those devices and failed to do so. " Plaintiff's Memorandum of Law [73], p. 9.

ANALYSIS

Summary judgment may be granted "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**A.     Strict Products Liability**

"Plaintiff does not quarrel with . . . TUTHILL's assertion that under New York Law a 'casual' seller cannot be held strictly liable for injury caused by a product defect". Plaintiff's Memorandum of Law [73], p. 5.   Therefore, I recommend that plaintiff's strict products liability claim against Tuthill (Amended Complaint [1-1], Sixth Cause of Action) be dismissed.

**B.     Negligence**

**1.     Tuthill Owed No Duty to Plaintiff**

"At most, the duty of a casual or occasional seller would be to warn the person to whom the product is supplied of known defects that are not obvious or readily discernible."

Sukljian v. Charles Ross & Son Co., Inc., 69 N.Y.2d 89, 97 (1986).[4] Thus, while Tuthill owed a duty to Dresser-Rand to warn of known defects with the Fosdick drill that were not obvious or readily discernible, as a casual seller it owed no such duty to plaintiff. *See* Hernandez v. Biro Manufacturing Co., 251 A.D.2d 375, 377 (2d Dept. 1998), lv. denied, 92 N.Y.2d 819 (1999) ("Since Pork King [, a casual seller,] did not sell the meat grinder to the plaintiff, it owed no duty to the plaintiff"); Clute v. Paquin, 219 A.D.2d 783, 784 (3rd Dep't. 1995) ("the duty imposed upon Perkins [the casual seller] was that of warning the Paquins [the purchasers] of any known defects in the tractor that were not obvious or readily discernible"). [5]

      The cases cited by plaintiff do not compel a different result. With the exception of Adeyinka v. Yankee Fiber Control, Inc., 564 F.Supp.2d 265, 276-277 (S.D.N.Y. 2008), which denied summary judgment on the ground that there were was a triable issue of fact as to whether the defendant was a causal lessor, and Piper, 251 AD.2d at 1051, which did not address whether

---

[4] Notwithstanding plaintiff's argument that, as a casual seller, Tuthill owed her a duty to warn of known latent defects associated with the Fosdick drill, plaintiff acknowledges that "'the duty of a casual or occasional seller would be to warn *the person to whom the product is supplied* of known defects that are not obvious or readily discernible'". Plaintiff's Memorandum of Law [73], pp. 5-6 (*quoting* Piper v. Kabar Manufacturing Corp., 251 A.D.2d 1050, 1051 (4th Dep't. 1998) (emphasis added)).

[5] Prior to Sukljian, the Fourth Department held that "[a] casual seller has a duty to warn *expected users* only of latent defects, not of obvious or readily discernible dangers" Copp v. Corning Glass Works, 114 A.D.2d 144, 146 (4th Dep't. 1986) (emphasis added). Although the Court of Appeals in Sukljian narrowed the duty owed by a casual seller to the "person to whom the product is supplied", it cited to Copp as support in doing so. 69 N.Y.2d at 97.

the casual lessor owed a duty to the lessee's employee,[6] the cases cited by plaintiff do not involve casual sellers. Plaintiff also argues that Hernandez was overruled by Liriano v. Hobart Corp., 92 N.Y.2d 232 (1998). Plaintiff's Memorandum of Law [73], p. 7. Hernandez, however, was only overruled on its holding that a substantial modification defense would bar an action based on failure to warn, not on the scope of duty owed by a casual seller. *See* Liriano v. Hobart Corp., 170 F.3d 264, 269 n. 4 (2d Cir. 1999). Therefore, I recommend that plaintiff's negligence claim against Tuthill (Amended Complaint [1-1], Fifth Cause of Action) be dismissed.

### 2. If it is Determined that Tuthill Owed a Duty to Plaintiff, then Dismissal of Her Negligence Claim Would be Premature

If my conclusion that Tuthill owed no duty to plaintiff is determined to be erroneous, I would deny Tuthill's motion to the extent it seeks dismissal of plaintiff's negligence claim. Recognizing that "[t]he issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question for a jury" Shah v. Mercy Medical Center, 71 A.D.3d 1120, 1120 (2d Dep't. 2010), coupled with the fact that plaintiff has had only a limited opportunity to conduct discovery into her negligence claim, it would be premature to grant Tuthill's motion.

---

[6] I acknowledge that in Piper the court denied summary judgment to a casual lessor on the lessee's employee's failure to warn claim. 251 A.D.2d at 1051. However, the issue addressed by the Fourth Department in Piper was whether the lessor knew of the defect, not whether the casual lessor owed a duty to the lessee's employee. Therefore, I do not consider it precedent for the principle that a casual seller's duty extends to the buyer's employee. *See* United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 38 (1952) (The issue "was not . . . raised in briefs or argument nor discussed in the opinion of the Court. Therefore, the case is not a binding precedent on this point").

*See* In re Dana Corp., 574 F.3d 129, 149 (2d Cir. 2009) ("[A] party against which summary judgment is sought must be afforded a reasonable opportunity to elicit information within the control of his adversaries").

Even if, as Tuthill argues, the absence of an emergency shut off button and safety guards are open and obvious conditions as a matter of law (Tuthill's Memorandum of Law [65], pp. 6-8; Tuthill's Reply Memorandum of Law [74], pp. 5-6), it ignores plaintiff's claim that the Fosdick drill was also defective due to the absence of a brake, and fails to address whether this defect can be considered open and obvious. Plaintiff's Affidavit [38], ¶6.

**CONCLUSION**

For these reasons, I recommend that Tuthill's motion for summary judgment [64] be granted. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by May 28, 2013 (applying the time frames set forth in (Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: May 10, 2013

            /s/ Jeremiah J. McCarthy
            JEREMIAH J. MCCARTHY
            United States Magistrate Judge